UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 3, 2005
Decided May 4, 2005

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

JOHN BIELENBERG and DIXIE BIELENBERG,
    *Plaintiffs-Appellants*,

**No.** 04-4134            **v.**

DAVID GRIFFITHS, *et al.*,
    *Defendants-Appellees*.

Appeal from the United
States District Court
for the Central
District of Illinois.

No. 00 C 1281
Michael M. Mihm,
*Judge*.

**Order**

Our prior order in this case describes the factual background and the nature of the plaintiffs' claims. *Bielenberg v. Griffiths*, No. 02-3573 (7th Cir. Mar. 14, 2003) (unpublished order).

We observed that the plaintiffs had not sued the physicians and hospital involved in their confinement for psychiatric evaluation. On remand, they added many additional parties. But the underlying events occurred in September 1998, and the medical defendants were not sued until July 2003. The statute of limitations is two years, see *Ashafa v. Chicago*, 146 F.3d 459 (7th Cir. 1998), so the claims against these additional defendants are untimely.

With respect to the original defendants, our prior order noted that the officers who conducted the search and housing-code inspection acted under the authority of a warrant and so almost certainly possess qualified immunity. See, e.g., *Malley v. Briggs*, 475 U.S. 335 (1986). Indeed, we observed, the claim for damages appears to be frivolous. Plaintiffs have not demonstrated that the warrant was transparently defective so that immunity could be overcome. To the contrary, they have ignored the observations in our order. Their appellate brief does not discuss our analysis (or the district court's) and does not cite a single judicial decision. Although plaintiffs doubtless feel aggrieved by the events, they do not demonstrate any legal entitlement to relief.

The City of Decatur does not possess immunity but is responsible only for its own policies--which means, concretely, its housing code, under which the entries and seizures were made. See *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). The district court concluded that the City's code complies with the Constitution by limiting searches to those supported by probable cause and by giving owners notice and an opportunity for a hearing before final adverse action is taken. Again plaintiffs offer no legal support for their contrary position. We see no reason to disturb the district judge's conclusion.

Affirmed